CV 13        3436

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KENNETH PETERKIN,

                    Plaintiff,                             **COMPLAINT**

    -against-             COGAN, J.      JURY TRIAL DEMANDED

THE CITY OF NEW YORK, LORNE KANOVER
& JOHN DOES 1-3,

                    Defendants.
------------------------------------------------------------------x

        Plaintiff, KENNETH PETERKIN, by and through his attorneys, **THE LAW OFFICES OF KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2.    The claims arise from a March 16, 2013 incident in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, assault, false imprisonment and malicious prosecution.

3.    The plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of attorney's fees and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

5. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Kenneth Peterkin is 49 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings. He is of African-American ancestry.

8. Defendant the City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant City of New York is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City of New York assumes the risks

incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

10. Defendants Kanover and John Does 1-3 are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of City of New York and/or the New York City Police Department, a municipal agency of defendant City of New York. Defendants Kanover and John Does 1-3 are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by City of New York and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants Kanover and John Does 1-3 are sued individually.

## STATEMENT OF FACTS

11. On March 16, 2013, approximately 9:15PM, defendants Kanover and other members of the New York City Police Department team (John Does 1-3) arrested plaintiff Kenneth Peterkin at 1089 DeKalb Avenue, Brooklyn, NY.

12. Plaintiff was staying at the above location with his fiancée, who is a resident of the location. Plaintiff was in bed and asleep with his fiancée when they were awakened by the sound of a person or persons attempting to open the door of the location by repeatedly twisting the doorknob and pushing on the door. Plaintiff called out *"who is at the door?*, and, hearing no verbal answer opened the door to find defendant Kanover

3

standing in front of the door, with other members of the NYPD (John Does 1-3) flanking and behind Kanover, all of whom had their guns drawn and pointing at plaintiff.

13. Defendant Kanover told plaintiff that the officers were executing a search warrant of the adjacent apartment (within the above location) and asked if the structure of the building allowed access to the adjacent apartment. As plaintiff explained that there was no such access, defendant Kanover ordered plaintiff at gunpoint to step out of the doorway, directed another officer (John Doe 1) to watch plaintiff, whereupon defendant Kanover entered the apartment, without permission from plaintiff, and began searching the location using his flashlight. Defendant Kanover then informed plaintiff that he had recovered a "crack pipe" while holding up what appeared to be a broken piece of glass, and ordered the officer guarding plaintiff (defendant John Doe 1) to arrest plaintiff. Plaintiff was then charged with Criminal Possession of a Controlled Substance in the Seventh Degree, a class A misdemeanor (NYPL § 220.03).

14. Plaintiff spent over 24 hours in custody before being released on his own recognizance at his March 17, 2013 arraignment. On May 7, 2013, the criminal case was adjourned in contemplation of dismissal (pursuant to NY CPL § 170.55) by the Criminal Court after the District Attorney admitted that defendant Kanover had been found incredible as a matter of law by a New York County Supreme Court Judge following a suppression hearing in which defendant Kanover had given testimony, *See People of the State of New York v. Alberto Reyes, SN5575/2010.*

15. Defendant Kanover has been previously sued in this Court for similar allegations relating to a narcotics arrest. *See Banks v. The City of New York, 10-CV-0382.* In *Banks*, the plaintiff argued that defendant Kanover unlawfully stopped, detained, searched and

4

falsely arrested him for criminal possession of and criminal sale of a controlled substance. All charges were dismissed and the City promptly settled the civil suit for $47,000 (forty-seven thousand dollars). Thus, defendant City of New York is on notice as to Kanover's propensity for misconduct.

16. At all times during the events described, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17. During all of the events described, defendants acted maliciously and with intent to injure plaintiff.

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a) Violation of his right, pursuant to the Fourth Amendment of the United States Constitution, to be free from an unreasonable search and seizure of his person;

    b) Violation of his New York State constitutional rights under Article 1, §12, to be free from an unreasonable search and seizure;

    c) Violation of his right to Due Process of Law pursuant to Article 1, §6 of the New York State constitution and the Fourteenth Amendment to the United States Constitution.

    d) Pain and suffering;

e)  Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience and anxiety;

f)  Loss of liberty;

g)  Attorney's and court fees.

## FIRST CAUSE OF ACTION
(Deprivation of federal civil rights under the United
States Constitution and 42 U.S.C. §§ 1981 and 1983)

19. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

20. By their conduct and actions in unlawfully entering the premises of, arresting, imprisoning, and failing to intercede on behalf of plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants Kanover and John Does 1-3, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CAUSE OF ACTION
(Liability of Defendant the City of
New York for Constitutional Violations)

21. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

22. At all times material to this complaint, defendant The City of New York, acting through its police department, and through defendants Kanover and John Does 1-3 had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

23. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

24. The preceding paragraphs are here incorporated by reference.

25. Defendants subjected plaintiffs to false arrest, false imprisonment, deprivation of liberty without probable cause.

26. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC §§ 1983 and 1985 and the New York State Constitution.

27. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

## FOURTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

28. The preceding paragraphs are here incorporated by reference.

29. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

30. The criminal proceedings were terminated favorably to plaintiff.

31. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983, New York State common law, and the New York State Constitution.

## FIFTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

32. The preceding paragraphs are here incorporated by reference.

33. Defendant police officers' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

34. As a result of defendant Police Officers' tortious conduct in the course of their employment and in furtherance of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

a) In favor of each plaintiff in an amount to be determined by a jury for each of plaintiff's Causes of Action;

b) Awarding each plaintiff punitive damages in an amount to be determined by a jury for each of plaintiff's Causes of Action;

c) Awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and

d) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Brooklyn, New York
June 17, 2013

Respectfully submitted,

**KENNETH F. SMITH**
Counsel for the Plaintiff

By: Kenneth F. Smith (KS0788)
The Law Offices of Kenneth F. Smith, PLLC
16 Court Street, Suite 2910
Brooklyn, NY 11241
(646) 450-9929
(646) 514-4524 (FAX)